# EXHIBIT 1

MATTHEW A. CASEY, ESQUIRE
GREGORY HAROUTOUNIAN, ESQUIRE
**ROSS FELLER CASEY, LLP**
Attorney ID Nos: 84443/207338
One Liberty Place, Suite 3450
1650 Market Street
Philadelphia, PA 19103
(215) 574-2000

Attorneys for Plaintiff



Filed and Attested by
PROTHONOTARY
13 OCT 2010 05:17 pm
P. MARTIN

| | | |
|---|---|---|
| **RENEE LEMPKE,**<br>Individually and as the Executrix of the Estate of<br>**ROBERT LEMPKE, deceased**<br>11 Countryside Road<br>Columbia, New Jersey  07832 | : <br> : <br> : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>SEPTEMBER TERM 2010 |
| Plaintiff | : <br> : | NO. **04610** |
| v. | : <br> : | **JURY TRIAL DEMANDED** |
| **GENERAL ELECTRIC COMPANY**<br>1040 East Erie Avenue<br>Philadelphia, Pennsylvania  19124<br>and/or<br>1515 Market Street, Suite 1210<br>Philadelphia, Pennsylvania  19102<br>and/or<br>P.O. Box 2216<br>Schenectady, New York  12301<br>and | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

AVISO

Le han demandado a used en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMACION ACERCA DE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NINGUN HONORARIO.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

Case ID: 100804610

| | |
|---|---|
| **GE INDUSTRIAL SYSTEMS/SOLUTIONS** | : |
| **a/k/a GE ELECTRICAL DISTRIBUTION &** | : |
| **CONTROL** | : |
| 510 East Agency Road | : |
| West Burlington, Iowa  52655 | : |
| and/or | : |
| 510 East Agency Road | : |
| Burlington, Iowa  52601 | : |
| and/or | : |
| P.O. Box 2216 | : |
| Schenectady, New York 12301 | : |
| and | : |
| **SCHWEITZER ENGINEERING** | : |
| **LABORATORIES, INC.** | : |
| 2350 NE Hopkins Court | : |
| Pullman, Washington  99163 | : |
| and | : |
| **HUBBELL POWER SYSTEMS, INC.** | : |
| 210 North Allen Street | : |
| Centralia, Missouri  65240 | : |
| Defendants | : |

## CIVIL ACTION COMPLAINT

Plaintiff, Renee Lempke, individually and as executrix of the estate of Robert C. Lempke

deceased, herein complains of the above captioned defendants in this civil action as follows:

## SUMMARY OF THE ACTION

1.      This negligence and product liability action involves the electrocution death of Robert

Lempke.  On September 16, 2008, Mr. Lempke, a utility worker, suffered catastrophic injuries and

death after contacting a downed power-line conductor during a relief effort to restore power in

Western Pennsylvania.

2.      On December 30, 2009, plaintiff instituted an action, which action was docketed at

Civil Action No. 03351 (the "First Action.").  The First Action involves a claim against several

electric companies (First Energy Corporation, First Energy Solutions Corporation, The Toledo

Case ID: 100804610

Edison Company, Ohio Edison Company, Cleveland Electric Illuminating Company, Pennsylvania Power Company, Metropolitan Edison Company, Pennsylvania Electric Company and Jersey Central Power & Light Company, (collectively, the "Electric Companies") alleging that the Electric Companies failed to ensure that the power line was de-energized before ordering Mr. Lempke to work near the downed high-voltage line, failed to employ proper protective devices to interrupt current flow after the power line conductor was downed and failed to provide proper safety equipment and operational instructions to relief workers, among other things.

3.      In addition, in the First Action, Plaintiff named the seller of the boots Mr. Lempke was wearing when he contacted the downed power line (The Sportman's Guide, Inc.) and the manufacturer of same (H.H. Brown Shoe Company, Inc.).  The boots were purportedly rated to withstand 14,400 volts.  However, the boots worn by Mr. Lempke failed to provide the protections as advertised resulting in the electrocution death of Mr. Lempke.

4.      Discovery in the First Action revealed that defendant Osmose Utilities Services, Inc., a pole inspection and treatment company, failed to properly inspect and treat the subject pole. Moreover, defendants A. B. Chance Company, Cooper Bussmann, LLC, Cooper Bussmann, Inc., Cooper Industries, Inc., S & C Electric Company ("Fuse Manufacturers") and Cooper Power Systems, Inc. ("Recloser Manufacturer") were manufacturers of a fuse and/or re-closers that failed to properly perform and protect Mr. Lempke on September 16, 2008.  As a result, after filing a Writ of Summons on August 10, 2010, Plaintiff filed a complaint on September 30, 2010, case no. 01379, August Term 2010 (the "Second Action").

5.      Further discovery in the First Action, through a site inspection, has revealed that General Electric Company, GE Industrial Systems/Solutions a/k/a GE Electrical Distribution &

2

Case ID: 100804610

Control and Schweitzer Engineering Laboratories were manufacturers of circuit breakers and/or a relay that failed to perform properly and protect Mr. Lempke on September 16, 2008. As a result, on September 1, 2010, plaintiff instituted a third action by filing a Writ of Summons, which action was docketed at Civil Action No. 04610 (the "Third Action"). Plaintiff is now filing her complaint against all defendants in the Third Action.

6.      Finally, investigation in the First Action revealed the identity of the land owner where the subject utility pole was located. The land owner, Keith E. Massing, failed to properly maintain the vegetation on the property thereby increasing the risk of harm to Mr. Lempke. As a result, on September 15, 2010, plaintiff instituted a fourth action by filing a Writ of Summons, which action was docketed at Civil Action No. 04610 (the "Fourth Action").

7.      On September 21, 2010, Plaintiff moved to consolidate all four matters.

8.      As a result of Defendants' collective failures, Renee Lempke, individually and as the executrix of the estate of Robert Lempke, deceased seeks compensatory damages from all defendants.

**PARTIES**

9.      Renee D. Lempke is the duly appointed Executrix of the Estate of Robert C. Lempke, deceased, Letters Testamentary having been granted on March 4, 2009 by the Surrogate Court Warren County of the State of New Jersey. See Warren County Surrogate's Court Certificate attached hereto as Exhibit "A."

10.      Robert C. Lempke died on September 16, 2008, at 43 years of age, from injuries sustained when he contacted a downed high voltage power line conductor as part of efforts to restore electrical service after Hurricane Ike.

Case ID: 100804610

11.    Robert C. Lempke is survived by his wife, Renee D. Lempke, and by his two children, Yvonne Lempke, born November 16, 1990, and minor child Arijana Lempke, born January 29, 1993.

12.    Defendant, General Electric Company ("GE") is a corporation or other jural entity, organized and operating under the laws of the State of New York, with its principal place of business located at P.O. Box 2216, Schenectady, New York 12301, a physical plant located at 1040 East Erie Avenue, Philadelphia, Pennsylvania 19124 and a registered office address at 1515 Market Street, Suite 1210, Philadelphia, Pennsylvania 19102. GE is the manufacturer of power line equipment including circuit breakers, among other things.

13.    Defendant, GE Industrial Systems/Solutions a/k/a GE Electrical Distribution & Control ("GE Industrial") is a corporation or other jural entity, organized and operating under the laws of the State of Iowa, with its principal place of business located at 510 East Agency Road, West Burlington, Iowa 52655, 510 East Agency Road, Burlington, Iowa 52601 and/or P.O. Box 2216, Schenectady, New York 12301. GE Industrial is the manufacturer of power line equipment including circuit breakers, among other things.

14.    Defendant, Schweitzer Engineering Laboratories, Inc. ("Schweitzer") is a corporation or other jural entity, organized and operating under the laws of the State of Washington, with its principal place of business located at 2350 NE Hopkins Court, Pullman, Washington 99163. Schweitzer is the manufacturer of power line equipment including relays, among other things.

15.    Hubbell Power Systems, Inc. ("Hubbell") is a corporation or other jural entity, organized and operating under the laws of the State of Missouri, with its principal place of business located at 210 North Allen Street, Centralia, Missouri 65240. Hubbell is the manufacturer of power

4

Case ID: 100804610

line equipment including fuses, among other things.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over each Defendant because each defendant either has its principal place of business in Pennsylvania, or does sufficient business in, or has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania through its business operations in Pennsylvania.

17.     Venue is properly laid in this County pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179.

## OPERATIVE FACTS

18.     On September 16, 2008, Robert D. Lempke was a line crew foreman assisting in the restoration of power in Mercer County, Pennsylvania.

19.     Related defendants First Energy and Penn Power requested that repair crews assist in the restoration of power to more than 80,000 customers in Mercer, Lawrence, Crawford, Butler and Allegheny Counties in Pennsylvania after a violent wind storm knocked out power.  "All available internal and external resources [were] called upon to assist in service restoration efforts." According to First Energy, "In addition to our crews, we're also receiving mutual assistance from about 200 workers from other utilities."  This assistance included all Electric Companies.

20.     In the early morning hours of September 16, 2008, one or more of the Electric Companies' representative, including First Energy, surveyed the power lines in and around Pew Road in Delaware Township, Mercer County approximately 1.5 miles west of State Route 58 and confirmed the lines were de-energized.

21.     In the early afternoon of September 16, 2008, Robert Lempke, a Penn Power Line

Case ID: 100804610

Leader (acting as Bird Dog), Nelson Tree Crew specialists and an "Area Wide Protective" team consisting of "traffic control specialists," among others, comprised a crew searching for a downed power line conductor on Pew Road.

22.     The crew and Area Wide Protective Team consisted of one or more of the Electric Companies.

23.     Robert Lempke looked for access to the power line between Pole nos. 511-52 and 510-53.

24.     At approximately 2:20 p.m., on September 16, 2008, according to an OSHA report, Robert Lempke, "stepped" on a downed energized line that still carried approximately 7,200 volts of electricity.

25.     Contact with the power line conductor caused Robert Lempke severe internal and external injuries, and ultimately death by electrocution.

26.     At approximately 2:28 p.m., on September 16, 2008, Pole no. 511-52 began to burn.

27.     The Fredonia Volunteer Fire Department responded to the incident.  Robert Lempke received cardio-pulmonary resuscitation with the application of an Automated External Defibrillator at the scene by emergency responders.

28.     Robert Lempke was transported from Pew Road to the emergency department at UPMC Horizon Greenville with catastrophic injuries.

29.     The Coroner's Report listed the following injuries:

    a.     second degree burn with charring and singed hair located on the right posterior side of the head superior to the occipital region;
    b.     discoloration to the pigmentation of the skin above and below the right ear;
    c.     small open blisters at the forehead;
    d.     first and second degree burns were located at the upper and lower back from

Case ID: 100804610

the scapula to the lumbar region and spanned bilaterally to the right and left;

e.   charring to the dermal layer;

f.   burns to the right flank and midline at the upper buttocks;

g.   large full thickness burn with charring throughout was located at the anus, perineum and left lower buttocks;

h.   both upper legs had first and second degree burns with skin tears and blistering;

i.   right ankle and foot showed a severe circumferential full thickness burn into the musculature with charring to the entire lower extremity; and

j.   a circumferential first degree burn at the left ankle at the boot line.

30.   On September 16, 2008, Robert Lempke was wearing Carolina Boot Model WX2-133261 (the "Carolina Boots").

31.   The Carolina Boots were manufactured by related defendant H.H. Brown Shoe Company, Inc. ("H.H. Brown").

32.   The Carolina Boots were purchased from related defendant The Sportsman's Guide, Inc. ("Sportsman's Guide") on or about June 22, 2008.

33.   H.H. Brown and Sportsman's Guide advertised the Carolina Boots as "EH" or Electrical Hazard rated.

34.   According to H.H. Brown, an EH rating represents "Footwear tested by an independent lab that can withstand applications of 14,400 volts at 60hz for one minute without leakage."

35.   One or more of the related Fuse Manufacturer defendants (define above) and/or defendant Hubbell designed, developed and sold the T-Type fuse that was incorporated in the subject power line (the "Fuse").

36.   The intended purpose of the Fuse was to prevent excessive current flow beyond the rating of the line.

7

Case ID: 100804610

37.     The Fuse failed to operate and de-energize the subject line which exposed Mr. Lempke to at least 7,200 volts.

38.     Related defendant Cooper Power designed, developed and sold a bank of three (3) reclosers – model Automatic Reclosure, Type 4H, serial numbers 68255, 44426 and 29256 (the "Reclosers").

39.     The Reclosers had a purported rated maximum voltage of 15.5kv.

40.     The intended purpose of the Reclosers was to prevent excessive current flow beyond the rating of the line.

41.     The Reclosers failed to operate and de-energize the subject line which exposed Mr. Lempke to at least 7,200 volts.

42.     GE and/or GE Industrial manufactured GE Distribution Breaker Type PVDB1, serial no. 0372A7342-001-01 (the "Circuit Breaker").

43.     The Circuit Breaker had a purported rated maximum voltage of 15.5kv.

44.     The intended purpose of the Circuit Breaker was to prevent excessive current flow beyond the rating of the line.

45.     The Circuit Breaker failed to operate and de-energize the subject line which exposed Mr. Lempke to at least 7,200 volts.

46.     Schweitzer manufactured a directional over current relay, model SEL-351 (the "Relay").

47.     The intended purpose of the Relay was to prevent excessive current flow beyond the rating of the line.

48.     The Relay failed to operate and de-energize the subject line which exposed Mr.

8

Case ID: 100804610

Lempke to at least 7,200 volts.

49. In 2008, related defendant Osmose Utilities Services, Inc. ("Osmose") inspected pole no. 511-52 to determine the pole's performance-strength and load capabilities. In addition, Osmose provides vegetation management solutions to keep the right-of-way and surrounding pole area clear of unwanted growth. Osmose failed to properly inspect and assess the strength of pole no. 511-52 as it collapsed on September 16, 2008. Osmose further failed to keep the surrounding area clear of unwanted and dangerous growth.

50. The negligent acts and omissions of Defendants, jointly and severally increased the risk of harm to Robert Lempke and/or were substantial contributing factors in causing Robert Lempke to suffer significant injuries and damages including, without limitation, the following:

    a.    pain;
    b.    suffering;
    c.    death;
    d.    mental anguish;
    e.    fear;
    f.    anxiety;
    g.    physical disfigurement;
    h.    loss of future earning capacity; and
    i.    economic damages.

51. The grievous injuries of Robert Lempke were caused by the negligence of all defendants, and/or their agents, servants and employees, and were due in no manner whatsoever to any act or failure to act on his part.

52. The Fuse, Circuit Breaker and Relay manufacturers were responsible for supplying fuses, circuit breakers and/or relays in connection with the transmission of electrical power through the distribution line supported by pole no. 511-52. The subject Fuse, Circuit Breaker and/or Relay failed to properly ensure proper interruption of single-line-to-ground short circuit and/or fault, as

9

Case ID: 100804610

described in more detail below.

53.     The amount in controversy exceeds the local rules for amounts in controversy requiring arbitration.

### COUNT I - NEGLIGENCE
**(Renee Lempke, Individually and as the Executrix of the
Estate of Robert Lempke, Deceased v. GE)**

54.     The preceding paragraphs of this Complaint are fully incorporated as though fully set forth herein.

55.     GE owed a duty of care to Robert Lempke.

56.     GE breached its duty of care to Robert Lempke.

57.     The negligence of GE consisted of one or more of the following:

a.      failing to properly design and manufacture a circuit breaker to ensure proper interruption of single-line-to-ground short circuit;

b.      failing to properly design and manufacture a circuit breaker to ensure that the circuit breaker detected an excessive current and interrupted same;

c.      failing to manufacture and design a properly sized circuit breaker to adequately protect the distribution line from short circuit (i.e. excessive current flow);

d.      failing to manufacture and design a correctly sized and coordinated protective circuit breaker to interrupt current flow on a downed power line conductor;

e.      failing to take adequate steps to ensure that the circuit breaker would be free from defects;

f.      failing to properly manufacture a circuit breaker to interrupt line-to-ground fault currents in a timely manner;

g.      failing to consider essential safety elements for the circuit breaker; and

h.      failing to manufacture, design and distribute circuit breakers to prevent electrocution and death.

58.     The negligence of GE increased the risk of harm and death to Plaintiff's decedent. Plaintiff's decedent suffered the injuries and damages described herein as a direct and proximate result of the acts and/or omissions of GE set forth above.

**WHEREFORE**, Plaintiff demands damages against defendants, jointly and severally, in an

Case ID: 100804610

amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

### COUNT II - NEGLIGENCE
**(Renee Lempke, Individually and as the Executrix
of the Estate of Robert Lempke, Deceased v. GE Industrial)**

59.   The preceding paragraphs of this Complaint are fully incorporated as though fully set forth herein.

60.   GE Industrial owed a duty of care to Robert Lempke.

61.   GE Industrial breached their duty of care to Robert Lempke.

62.   The negligence of GE Industrial consisted of one or more of the following:

a.   failing to properly design and manufacture a circuit breaker to ensure proper interruption of single-line-to-ground short circuit;

b.   failing to properly design and manufacture a circuit breaker to ensure that the circuit breaker detected an excessive current and interrupted same;

c.   failing to manufacture and design a properly sized circuit breaker to adequately protect the distribution line from short circuit (i.e. excessive current flow);

d.   failing to manufacture and design a correctly sized and coordinated protective circuit breaker to interrupt current flow on a downed power line conductor;

e.   failing to take adequate steps to ensure that the circuit breaker would be free from defects;

f.   failing to properly manufacture a circuit breaker to interrupt line-to-ground fault currents in a timely manner;

g.   failing to consider essential safety elements for the circuit breaker; and

h.   failing to manufacture, design and distribute circuit breakers to prevent electrocution and death.

63.   The negligence of GE Industrial increased the risk of harm and death to Plaintiff's decedent. Plaintiff's decedent suffered the injuries and damages described herein as a direct and proximate result of the acts and/or omissions of GE Industrial set forth above.

**WHEREFORE**, Plaintiff demands damages against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of prevailing arbitration

11

Case ID: 100804610

limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

## COUNT III - NEGLIGENCE
### (Renee Lempke, Individually and as the Executrix
### of the Estate of Robert Lempke, Deceased v. Schweitzer)

64.     The preceding paragraphs of this Complaint are fully incorporated as though fully set

forth herein.

65.     Schweitzer owed a duty of care to Robert Lempke.

66.     Schweitzer breached their duty of care to Robert Lempke.

67.     The negligence of Schweitzer consisted of one or more of the following:

a.      failing to properly design and manufacture a relay to ensure proper interruption of
        single-line-to-ground short circuit;
b.      failing to properly design and manufacture a relay to ensure that the relay detected
        an excessive current and interrupted same;
c.      failing to manufacture and design a properly sized relay to adequately protect the
        distribution line from short circuit (i.e. excessive current flow);
d.      failing to manufacture and design a correctly sized and coordinated protective relay
        to interrupt current flow on a downed power line conductor;
e.      failing to take adequate steps to ensure that the relay would be free from defects;
f.      failing to properly manufacture a relay to interrupt line-to-ground fault currents in a
        timely manner;
g.      failing to consider essential safety elements for the relay; and
h.      failing to manufacture, design and distribute relays to prevent electrocution and
        death.

68.     The negligence of Schweitzer increased the risk of harm and death to Plaintiff's

decedent.  Plaintiff's decedent suffered the injuries and damages described herein as a direct and

proximate result of the acts and/or omissions of Schweitzer set forth above.

**WHEREFORE**, Plaintiff demands damages against defendants, jointly and severally, in an

amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of prevailing arbitration

Case ID: 100804610

limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

## COUNT IV - NEGLIGENCE
### (Renee Lempke, Individually and as the Executrix
### of the Estate of Robert Lempke, Deceased v. Hubbell)

69.     The preceding paragraphs of this Complaint are fully incorporated as though fully set forth herein.

70.     Hubbell owed a duty of care to Robert Lempke.

71.     Hubbell breached their duty of care to Robert Lempke.

72.     The negligence of Hubbell consisted of one or more of the following:

a.      failing to properly design and manufacture a fuse to ensure proper interruption of single-line-to-ground short circuit;

b.      failing to properly design and manufacture a fuse to ensure that the fuse detected an excessive current and interrupted same;

c.      failing to manufacture and design a properly sized fuse to adequately protect the distribution line from short circuit (i.e. excessive current flow);

d.      failing to manufacture and design a correctly sized and coordinated protective fuse to interrupt current flow on a downed power line conductor;

e.      failing to take adequate steps to ensure that the fuse would be free from defects;

f.      failing to properly manufacture a fuse to interrupt line-to-ground fault currents in a timely manner;

g.      failing to consider essential safety elements for the fuse; and

h.      failing to manufacture, design and distribute fuses to prevent electrocution and death.

73.     The negligence of Hubbell increased the risk of harm and death to Plaintiff's decedent.  Plaintiff's decedent suffered the injuries and damages described herein as a direct and proximate result of the acts and/or omissions of Hubbell set forth above.

**WHEREFORE**, Plaintiff demands damages against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

Case ID: 100804610

## COUNT V - STRICT LIABILITY
### (Renee Lempke, Individually and as the Executrix of the Estate
### of Robert Lempke, Deceased v. GE)

74.     The preceding paragraphs of this Complaint are fully incorporated as though fully set forth herein.

75.     GE at all times relevant to this action was engaged in the design, testing, manufacture, distribution and/or sale of circuit breakers, in particular, the subject Circuit Breaker.

76.     The Circuit Breaker was expected to and did reach users, consumers and/or bystanders, to wit, the Electric Companies and/or Robert Lempke, without substantial change in the condition in which it was sold.

77.     The Circuit Breaker was in a defective condition creating risk of harm to Robert Lempke.

78.     The defective condition of the Circuit Breaker includes those deficiencies set forth above including:

    a.     failing to ensure proper interruption of single-line-to-ground short circuit;
    b.     failing to detect an excessive current and interrupt same;
    c.     improper sizing to adequately protect the distribution line from short circuit (i.e. excessive current flow);
    d.     failing to interrupt current flow on a downed power line conductor;
    e.     failing to ensure the product was free from defects;
    f.     failing to interrupt line-to-ground fault currents in a timely manner;
    g.     failing to consider essential safety elements for the product; and
    h.     failing to manufacture, design and distribute a product to prevent electrocution and death.

79.     The above-noted defects caused Robert Lempke's injuries.

80.     The aforesaid incident and Robert Lempke's injuries and losses were caused by GE's

14

Case ID: 100804610

designing, manufacturing, fabricating, assembling, inspecting, marketing, distributing, selling and/or supplying of the Circuit Breaker in a defective condition for which GE is strictly liable to plaintiff pursuant to Restatement (Second) of Torts (2d) § 402A.

81.     The aforesaid incident and injuries and losses to Robert Lempke were caused by GE's designing, manufacturing, fabricating, assembling, inspecting, marketing, distributing, selling and/or supplying the Circuit Breaker without proper and adequate warnings, instructions, and/or guidelines for its safe use for which GE is strictly liable to plaintiff.

82.     Plaintiff's decedent suffered the injuries and damages described herein as a direct and proximate result of the defective Circuit Breaker.

**WHEREFORE**, Plaintiff demands damages against Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

## COUNT VI - STRICT LIABILITY
### (Renee Lempke, Individually and as the Executrix of the Estate of Robert Lempke, Deceased v. GE Industrial)

83.     The preceding paragraphs of this Complaint are fully incorporated as though fully set forth herein.

84.     GE Industrial at all times relevant to this action was engaged in the design, testing, manufacture, distribution and/or sale of circuit breakers, in particular, the subject Circuit Breaker.

85.     The Circuit Breaker was expected to and did reach users, consumers and/or bystanders, to wit, the Electric Companies and/or Robert Lempke, without substantial change in the condition in which it was sold.

15

Case ID: 100804610

86.    The Circuit Breaker was in a defective condition creating risk of harm to Robert Lempke.

87.    The defective condition of the Circuit Breaker includes those deficiencies set forth above including:

    a.    failing to ensure proper interruption of single-line-to-ground short circuit;

    b.    failing to detect an excessive current and interrupt same;

    c.    improper sizing to adequately protect the distribution line from short circuit (i.e. excessive current flow);

    d.    failing to interrupt current flow on a downed power line conductor;

    e.    failing to ensure the product was free from defects;

    f.    failing to interrupt line-to-ground fault currents in a timely manner;

    g.    failing to consider essential safety elements for the product; and

    h.    failing to manufacture, design and distribute a product to prevent electrocution and death.

88.    The above-noted defects caused Robert Lempke's injuries.

89.    The aforesaid incident and Robert Lempke's injuries and losses were caused by GE Industrial's designing, manufacturing, fabricating, assembling, inspecting, marketing, distributing, selling and/or supplying of the Circuit Breaker in a defective condition for which GE Industrial is strictly liable to plaintiff pursuant to Restatement (Second) of Torts (2d) § 402A.

90.    The aforesaid incident and injuries and losses to Robert Lempke were caused by GE Industrial's designing, manufacturing, fabricating, assembling, inspecting, marketing, distributing, selling and/or supplying the Circuit Breaker without proper and adequate warnings, instructions, and/or guidelines for its safe use for which GE Industrial is strictly liable to plaintiff.

91.    Plaintiff's decedent suffered the injuries and damages described herein as a direct and proximate result of the defective Circuit Breaker.

**WHEREFORE**, Plaintiff demands damages against Defendants, jointly and severally, in an

Case ID: 100804610

amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

### COUNT VII - STRICT LIABILITY
(Renee Lempke, Individually and as the Executrix of the Estate
of Robert Lempke, Deceased v. Schweitzer)

92. The preceding paragraphs of this Complaint are fully incorporated as though fully set forth herein.

93. Schweitzer at all times relevant to this action was engaged in the design, testing, manufacture, distribution and/or sale of relays, in particular, the subject Relay.

94. The Relay was expected to and did reach users, consumers and/or bystanders, to wit, the Electric Companies and/or Robert Lempke, without substantial change in the condition in which it was sold.

95. The Relay was in a defective condition creating risk of harm to Robert Lempke.

96. The defective condition of the Relay includes those deficiencies set forth above including:

    a.   failing to ensure proper interruption of single-line-to-ground short circuit;
    b.   failing to detect an excessive current and interrupt same;
    c.   improper sizing to adequately protect the distribution line from short circuit (i.e. excessive current flow);
    d.   failing to interrupt current flow on a downed power line conductor;
    e.   failing to ensure the product was free from defects;
    f.   failing to interrupt line-to-ground fault currents in a timely manner;
    g.   failing to consider essential safety elements for the product; and
    h.   failing to manufacture, design and distribute a product to prevent electrocution and death.

97. The above-noted defects caused Robert Lempke's injuries.

98. The aforesaid incident and Robert Lempke's injuries and losses were caused by

17

Case ID: 100804610

Schweitzer's designing, manufacturing, fabricating, assembling, inspecting, marketing, distributing, selling and/or supplying of the Relay in a defective condition for which Schweitzer is strictly liable to plaintiff pursuant to Restatement (Second) of Torts (2d) § 402A.

99.     The aforesaid incident and injuries and losses to Robert Lempke were caused by Schweitzer's designing, manufacturing, fabricating, assembling, inspecting, marketing, distributing, selling and/or supplying the Relay without proper and adequate warnings, instructions, and/or guidelines for its safe use for which Schweitzer is strictly liable to plaintiff.

100.    Plaintiff's decedent suffered the injuries and damages described herein as a direct and proximate result of the defective Relay.

**WHEREFORE**, Plaintiff demands damages against Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

## COUNT VIII - STRICT LIABILITY
### (Renee Lempke, Individually and as the Executrix of the Estate of Robert Lempke, Deceased v. Hubbell)

101.    The preceding paragraphs of this Complaint are fully incorporated as though fully set forth herein.

102.    Hubbell at all times relevant to this action was engaged in the design, testing, manufacture, distribution and/or sale of fuses, in particular, the subject Fuse.

103.    The Fuse was expected to and did reach users, consumers and/or bystanders, to wit, the Electric Companies and/or Robert Lempke, without substantial change in the condition in which it was sold.

18

Case ID: 100804610

104.    The Fuse was in a defective condition creating risk of harm to Robert Lempke.

105.    The defective condition of the Fuse includes those deficiencies set forth above including:

a.    failing to ensure proper interruption of single-line-to-ground short circuit;
b.    failing to detect an excessive current and interrupt same;
c.    improper sizing to adequately protect the distribution line from short circuit (i.e. excessive current flow);
d.    failing to interrupt current flow on a downed power line conductor;
e.    failing to ensure the product was free from defects;
f.    failing to interrupt line-to-ground fault currents in a timely manner;
g.    failing to consider essential safety elements for the product; and
h.    failing to manufacture, design and distribute a product to prevent electrocution and death.

106.    The above-noted defects caused Robert Lempke's injuries.

107.    The aforesaid incident and Robert Lempke's injuries and losses were caused by Hubbell's designing, manufacturing, fabricating, assembling, inspecting, marketing, distributing, selling and/or supplying of the Fuse in a defective condition for which Hubbell is strictly liable to plaintiff pursuant to Restatement (Second) of Torts (2d) § 402A.

108.    The aforesaid incident and injuries and losses to Robert Lempke were caused by Hubbell's designing, manufacturing, fabricating, assembling, inspecting, marketing, distributing, selling and/or supplying the Fuse without proper and adequate warnings, instructions, and/or guidelines for its safe use for which Hubbell is strictly liable to plaintiff.

109.    Plaintiff's decedent suffered the injuries and damages described herein as a direct and proximate result of the defective Fuse.

**WHEREFORE**, Plaintiff demands damages against Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of prevailing arbitration

Case ID: 100804610

limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

## FIRST CAUSE OF ACTION - WRONGFUL DEATH
### (Renee Lempke, Individually and as the Executrix
### of the Estate of Robert Lempke, Deceased v. All Defendants)

110.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

111.     Plaintiff, Renee Lempke, as Executrix of the Estate of Robert Lempke, deceased, brings this action under and by virtue of the Wrongful Death Act, 42 Pa.C.S.A. §8301, and the applicable Rules of Civil Procedure and decisional law.

112.     Under the Wrongful Death Act, Robert Lempke, deceased, left surviving Renee Lempke (spouse), and his children, Yvonne Lempke and Arijana Lempke.  These individuals, who have been notified of the commencement of this action, are listed below, and are the beneficiaries entitled to recover damages under the Wrongful Death Act:

   a.     Renee Lempke (spouse), residing at 11 Countryside Road Columbia, NJ 07832.

   b.     Yvonne Lempke (daughter-age 19), residing at 147 Park Avenue, Naugatuck, CT 06770.

   c.     Arijana Lempke (daughter-age 17), residing at 147 Park Avenue, Naugatuck, CT 06770.

113.     As a result of the negligent acts and omissions of all Defendants, jointly and severally, Robert Lempke was caused grave injuries and death resulting in the entitlement to damages by the aforementioned beneficiaries under the Wrongful Death Act.

114.     Plaintiff, Renee Lempke, as Administratrix of the Estate of Robert Lempke, deceased, on behalf of all of the Wrongful Death beneficiaries, claims all damages and expenses

Case ID: 100804610

recoverable under the Wrongful Death Act, including, but not limited to, damages for medical, funeral, and burial expenses, and the expenses of administration necessitated by reason of the injuries which caused Robert Lempke's death.

115.    Plaintiff, Renee Lempke, as Administratrix of the Estate of Robert Lempke, deceased, on behalf of the Wrongful Death beneficiaries so entitled, claims damages for the monetary support the decedent would have provided to these beneficiaries, if any, during his lifetime.

116.    Plaintiff, Renee Lempke, as Administratrix of the Estate of Robert Lempke, deceased, on behalf of the Wrongful Death beneficiaries so entitled, claims damages for services provided or which could have been expected to have been performed in the future by the decedent.

117.    Plaintiff, Renee Lempke, as Administratrix of the Estate of Robert Lempke, deceased, on behalf of the Wrongful Death beneficiaries, claims the full measure of damages allowed under the Wrongful Death Act of Pennsylvania and the decisional law interpreting the Wrongful Death Act.

**WHEREFORE,** Plaintiff demands damages against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest, and costs.

## SECOND CAUSE OF ACTION - SURVIVAL ACT
### (Renee Lempke, as Administratrix of the Estate
### of Renee Lempke, deceased v. All Defendants)

118.    The preceding paragraphs of this Complaint are incorporated as though full set forth herein.

119.    Plaintiff, Renee Lempke, as Administratrix of the Estate of Robert Lempke, deceased, brings this Survival Action on behalf of the Estate of Robert Lempke,

Case ID: 100804610

deceased, and claims the full measure of damages under the Survival Act, 42 Pa.C.S.A. §8302, the applicable Rules of Civil Procedure, and the decisional law interpreting the Survival Act.

120.    As a result of the negligent acts and omissions of all Defendants, Robert Lempke was caused grave injuries and death resulting in the entitlement to damages by the Estate of Robert Lempke, deceased, under the aforementioned Survival Act.

121.    On behalf of decedent's Estate, Plaintiff claims the amount of lost earnings of the decedent between the time of decedent's injury and the time of his death.

122.    On behalf of decedent's Estate, Plaintiff claims the loss of earnings and economic loss to decedent's estate, including, but not limited to, decedent's total estimated future earning power less his cost of personal maintenance, as a result of decedent's death.

123.    On behalf of decedent's Estate, Plaintiff claims damages for the pain, suffering, and inconvenience endured by the decedent prior to his death, including, but not limited to, physical pain and suffering, mental pain and suffering, fright and mental suffering and anguish, disfigurement, and humiliation which was attributable to the peril leading up to decedent's death, and all other damages recoverable under the aforementioned Survival Act and decisional law interpreting the Survival Act.

22

Case ID: 100804610

**WHEREFORE,** Plaintiff demands damages against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest, and costs.

<strong>ROSS FELLER CASEY, LLP</strong>

By: /s/  Matthew Casey
MATTHEW CASEY, ESQUIRE
GREGORY HAROUTOUNIAN, ESQUIRE
Attorneys for Plaintiff

Date: October 13, 2010

23

Case ID: 100804610

## VERIFICATION

I, Renee Lempke, Executrix of the Estate of Robert Lempke, deceased, hereby verify that the within Complaint is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit.  The language of the document is that of counsel and not of the affiant.  To the extent that the contents of the documents are based on information furnished to counsel and obtained by him during the course of this lawsuit, the affiant has relied upon counsel in taking this verification.  All statements are founded upon reasonable belief.  This verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
RENEE LEMPKE

Case ID: 100804610

# *EXHIBIT A*

Case ID: 100804610

# WARREN COUNTY SURROGATE'S COURT

## CERTIFICATE

STATE OF NEW JERSEY
COUNTY OF WARREN

I, Susan A. Dickey, Surrogate of the County of Warren, do certify, **Renee Lempke** the executrix named in the Last Will and Testament of **Robert C Lempke a/k/a Robert Lempke**, deceased late of the County of Warren, State of New Jersey,  duly proved the same before the Surrogate of said County of Warren, on the fourth day of March, 2009 and probate thereof was on the same day granted, and Letters Testamentary Issued to said **Renee Lempke** executrix who is duly authorized to administer the estate of the said testator agreeable to said Will and in accordance with the Judgment of the Superior Court of New Jersey, Warren County dated January 22, 2009, original record thereof now remaining in my office.

And I further certify that the said Letters Testamentary are in full force and unrevoked at this date.

### NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL

**WITNESS** my hand and seal, this fourth day of March in the year of our Lord, Two Thousand and Nine.



_____
Susan A. Dickey, Surrogate/Judge

Case ID: 091203351
Case ID: 100804610